## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

CYNTHIA DAY F/K/A
CYNTHIA C. SIMPSON,

      Plaintiff,

v.                          Case No.:

LOGAN RILEY TAYLOR, CATHY M. BARWICK,
SANDRA REGISTER, PATRICIA L. KITTRELL,
PATRICA PINEDA, AND JUNE WILLIS,

      Defendants.
_____/

## COMPLAINT

Plaintiff, Cynthia Day, formerly known as Cynthia C. Simpson ("Plaintiff"), sues Defendants, Logan Riley Taylor, Cathy M. Barwick, Sandra Register, Patricia L. Kittrell, Patricia Pineda, and June Willis (collectively referred to as "Defendants"), as alleges:

## ALLEGATIONS COMMON TO ALL COUNTS

### Jurisdiction and Venue

1.    This is an action for equitable relief and damages in excess of $75,000.

2.    Plaintiff resides in Indiana and is a citizen of the State of Indiana for purposes of diversity.

3.    Defendant Logan Riley Taylor is a resident of Marianna, Florida, and a citizen of the State of Florida for purposes of diversity.

4.    Defendant Cathy M. Barwick is a resident of Marianna, Florida, and a citizen of the State of Florida for purposes of diversity.

5.    Defendant Sandra Register is a resident of Marianna, Florida, and a citizen of the State of Florida for purposes of diversity.

6.    Defendant Patricia L. Kittrell is a resident of Marianna, Florida, and a citizen of the State of Florida for purposes of diversity.

7.    Defendant Patricia Pineda is a resident of Marianna, Florida, and a citizen of the State of Florida for purposes of diversity.

8.    Defendant June Willis is a resident of Waycross, Georgia, and a citizen of the State of Georgia for purposes of diversity.

9.    Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. § 1332 because Plaintiff is a citizen of Indiana and Defendants are all citizens of Florida or Georgia.

10.    Venue is proper in this District under 28 U.S.C. § 1391 because the acts giving rise to this dispute occurred in Jackson County, Florida.

11.    This Court has jurisdiction over this matter under 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of interest and costs.

## Factual Background

12.     Edward D. Griffin ("Mr. Griffin") was born in Marianna, Florida, in 1929.

13.     Mr. Griffin  married his wife Bettie G. Griffin ("Mrs. Griffin") in 1950.  In this complaint, Mr. and Mrs. Griffin are collectively referred to as the "Griffins."

14.     During his working life, Mr. Griffin worked for Chrysler Corporation in California and in Kokomo, Indiana.

15.     The Griffins had two children, Linda Diane Thomason, who died in December 2019, and Plaintiff, who resides in Kokomo, Indiana.

16.     The Griffins moved back to Marianna, Jackson County, Florida, approximately 30 years ago, where they resided until their respective deaths.

17.     On or about June 18, 2002, the Griffins, while living in Jackson County, Florida, executed their respective last wills and testaments (the "Wills") and executed the Griffin Revocable Living Trust 2002 (the "Griffin Trust").  A true and correct copy of the Griffin Trust is attached hereto as Exhibit "A."  The Wills were "pour over" wills leaving the bulk of either's assets to the Griffin Trust. A true and correct copy of Mr. Griffin's Last Will and Testament is attached hereto as Exhibit "B."

18.    The Griffin Trust appointed the Griffins as the initial co-trustees of the Griffin Trust.  The Griffins nominated Plaintiff as their successor trustee to serve after the death or incapacity of both of the Griffins.

19.    In the Griffin Trust, the Griffins expressly provided that after both of their deaths, the Griffin Trust would terminate and the remaining principal and accumulated income of the Griffin Trust, with the exception of certain other unrelated funds held in annuities, was to be distributed to the Plaintiff.

20.    Prior to both of the Griffins' deaths, the Griffins transferred assets into the Griffin Trust including at least one parcel of real property located in Jackson County, Florida, with a value of approximately $50,000 and cash deposits in excess of $300,000.

21.    The Griffin Trust served as the longstanding estate plan for the Griffins and was in place for more than 13 years before it was caused to be changed after the death of Mrs. Griffin.

22.    Prior to Mrs. Griffin's death, Mr. Griffin began to suffer from memory loss and mental health issues resulting in at least one hospitalization in approximately 2004-2005.

23.    Prior to Mrs. Griffin's death, Mrs. Griffin handled all the Griffin's financial matters because Mr. Griffin was unable to do so.

23.    On August 2, 2015, Mrs. Griffin died.

24.    As a result of her death, Mr. Griffin became the sole remaining Trustee of the Griffin Trust.

25.    At the time of Mrs. Griffin's death, Mr. Griffin was in declining health and a weakened mental capacity.  Mr. Griffin suffered from depression related to the loss of his wife.  Mr. Griffin also suffered memory loss, had poor eyesight, and was unable to drive.  Mr. Griffin was easily confused, paranoid and often accused people of stealing from him.  For the remainder of his life, Mr. Griffin relied on others to assist him with instrumental actives of daily living including but not limited to shopping, running errands, paying bills, housekeeping, and managing medical appointments.

26.    Less than two months after Mrs. Griffin died, on or about September 29, 2015, an amendment to the Griffin Trust was executed (herein the "First Amendment").  A true and copy of this First Amendment to the Griffin Trust is attached hereto as Exhibit "C".

27.    The First Amendment changed the Successor Trustee of the Griffin Trust to Defendant Cathy M. Barwick and made Defendant Logan Riley Taylor the sole beneficiary of the Griffin Trust contrary to the Griffins' wishes and long-standing estate plan.

28.    At the time of the execution of the First Amendment, Mr. Griffin was depressed, confused about the death of his wife, suffered from memory loss, and

relied on others for assistance with his instrumental activities of daily living, including obtaining food.

29.    At the time of the execution of the First Amendment, Plaintiff had made arrangements for Defendant Cathy M. Bartwick's son, Clint, to assist Mr. Griffin with shopping, appointments, and errands.  He was paid for this service.

30.    After execution of the First Amendment, Mr. Griffin's health and mental state continued to deteriorate.

31.    During calls and visits with Plaintiff between 2015 and 2019, Mr. Griffin would forget important dates, was confused about his finances, thought his wife was still alive, and accused people of stealing from him, including Defendant Bartwick's son, Clint, Defendant Logan Riley Taylor, and Plaintiff.  However, Mr. Griffin's accusations did not make sense and appeared to be paranoia.

32.   After execution of the First Amendment, Mr. Griffin continued to be reliant on others for assistance.   Mr. Griffin allowed his home to deteriorate because he was unable to keep it up.

33.   On several occasions between 2015 and 2018, Plaintiff had to contact the Jackson County Sheriff's Office to conduct well checks on Mr. Griffin when she could not reach him.

34.     On or about April 23, 2018, a second amendment to the Griffin Trust was executed (herein the "Second Amendment").  A true and correct copy of this Second Amendment to the Griffin Trust is attached hereto as Exhibit "D".

35.     The Second Amendment made Defendant Sandra Register the Successor Trustee of the Griffin Trust, left certain assets to Defendant Sandra Register, Defendant Patricia L. Kittrell, Defendant Patricia Pineda, and Defendant June Willis contrary to the Griffins' long-standing estate plan.

36.     For more than 30 years between the late 1980s and 2018, Defendant Sandra Register, Defendant Patricia L. Kittrell, Defendant Patricia Pineda, and Defendant June Willis had only infrequent and sporadic contact with Mr. Griffin or Mr. Griffin's family.  They had no contact with Mr. Griffin while his wife was dying or after.

37.     After Hurricane Michael in October 2018, Mr. Griffin fell and was hospitalized due to his injuries.

38.     In October 2018, Plaintiff learned that Defendant Sandra Register had reconnected with Mr. Griffin.

39.     Between October 2018 and February 2020, Defendant Sandra Register interfered with Plaintiff's ability to communicate and visit with Mr. Griffin.

40.     On or about May 22, 2020, Mr. Griffin died.  Prior to his death, Mr. Griffin had at times resided in a skilled nursing facility due to dementia and other serious health issues.

41.     Plaintiff has retained the undersigned attorneys and has agreed to pay a reasonable fee for their services.

## COUNT ONE

42.     This is an action to cancel and nullify the two amendments to the Griffin Trust as the result of undue influence and lack of capacity.

43.     Plaintiff reincorporates and re-alleges paragraphs 1 through 41 as if fully set forth herein.

44.     Defendant Sandra Register, Defendant Cathy M. Barwick and the other Defendants maintained a close and confidential relationship with Mr. Griffin between October 2018 and Mr. Griffin's death in May 2020.  Mr. Griffin trusted and relied on Ms. Barwick and Ms. Register and the other Defendants during this time.

45.     Defendant Cathy M. Barwick and Defendant Logan Riley Taylor were active in procuring the First Amendment.

46.     At the time of the execution of the First Amendment, Mr. Griffin was mourning the death of his wife, living alone, and suffering from numerous mental and physical health problems.   Defendant Cathy M. Barwick, for the benefit of

Defendant Logan Riley Taylor, exerted undue influence over Mr. Griffin to procure the First Amendment.

47.     Defendants Sandra Register, Patricia L. Kittrell, Patricia Pineda, and June Willis were active in procuring the Second Amendment.

48.     At the time of the execution of the Second Amendment, Mr. Griffin was living alone, in declining health, and suffering from numerous health problems and dependent upon other for assistance.   Defendant Sandra Register, for the benefit of herself and Defendants Patricia L. Kittrell, Patricia Pineda and June Willis exerted undue influence over Mr. Griffin to procure the Second Amendment.

49.     Examples of the undue influence which the Defendants exerted over Mr. Griffin include but are not limited to the following:

(a)     One of more of Defendants served as a formal or informal fiduciary for Mr. Griffin.

(b)     One or more of Defendants isolated Mr. Griffin from Plaintiff and the Plaintiff's side of the family.

(c)     One or more of Defendants prevented Plaintiff from seeing or communicating with her father, Mr. Griffin.

(d)     One or more of Defendants prevented Plaintiff from assisting Mr. Griffin with his personal, medical, and business affairs as Plaintiff had done for several years.

(e)     One or more of Defendants made continuing disparaging comments about Plaintiff to Mr. Griffin including false accusations that Plaintiff stole money from the Griffins;

(f)     Procuring the unreasonable nature of the provisions of the First and Second Amendment which disinherited Plaintiff when she was her parents' sole beneficiary.

(g)     One or more Defendants made appointments for Mr. Griffin to amend the Griffin Trust to disinherit Plaintiff in favor of those Defendants or their close family members.

(h)     One or more Defendants transported Mr. Griffin to appointments to amend the Griffin Trust to disinherit Plaintiff in favor of Defendants or their close family members.

(i)     One or more Defendants was present when Mr. Griffin executed the amendments to the Griffin Trust to disinherit Plaintiff in favor of Defendants or their close family members.

(j)     Defendant Cathy M. Barwick safeguarded the First Amendment to the Griffin Trust following execution of that amendment.

(k)     Defendant Sandra Register safeguarded the Second Amendment to the Griffin Trust following execution of that amendment.

(l)     Defendant Sandra Register concealed the First and Second Amendments of the Griffin Trust from Plaintiff following the execution of the amendments

(m)     Defendant Sandra Register served as a fiduciary for Mr. Griffin.

50.     Defendants' actions in procuring and obtaining the First Amendment and Second Amendment disturbed, disrupted and interrupted the Griffins' estate plan that had been in place for over a decade prior to Mrs. Griffin's death and resulted in Defendants becoming substantial beneficiaries of the assets of the Griffin Trust to the detriment of Plaintiff.

51.     The undue influence exerted over Mr. Griffin in the procurement of the First Amendment and the Second Amendment deprived Mr. Griffin of his free will.

52.     As a result of the foregoing, Plaintiff has been harmed and suffered damages because funds she was to inherit are now distributable to certain of the Defendants as a result of undue influence Defendants exerted over Mr. Griffin.

53.     As a result of the foregoing and the fact that the First Amendment and Second Amendment are the result of undue influence, Plaintiff requests the Court invalidate the First and Second Amendment, so that Plaintiff can be appointed as

Trustee of the Griffin Trust and serve as Trustee in the winding up of the Griffin Trust.

54.     Plaintiff further requests this Court award damages against Defendants to the extent Defendants have received distributions from the Trust.

55.     Plaintiff requests reimbursement of her reasonable attorney's fees pursuant to Fla. Stat. § 736.1005.

WHEREFORE, Plaintiff demands(A) a judgment cancelling and nullifying the First Amendment and Second Amendment to the Griffin Trust, (B) a judgment awarding damages to Plaintiff, (C) taxation of Plaintiff's attorneys' fees against Defendants, and (D) such other relief as is just and appropriate.

## COUNT TWO

56.     This is an action for damages against Defendants Cathy M. Barwick and Sandra Register for their tortious interference with Plaintiff's testamentary expectation.

57.     Plaintiff reincorporates and re-alleges paragraphs 1 through 41 as if fully set forth herein.

58.     At all times material to this action, Plaintiff possessed an expectancy of receiving an inheritance from her father Mr. Griffin as the sole beneficiary of the Griffin Trust.

59.    Defendants Cathy M. Barwick and Sandra Register intentionally interfered with that expectancy through tortious conduct which took advantage of Mr. Griffin's weakened mental and physical state and diminished capacity.

60.    The intentional interference of Defendants Cathy M. Barwick and Sandra Register caused Plaintiff's expectancy to change and such actions were the proximate cause of the change in Plaintiff's expectancy.

61.    Plaintiff has suffered damages as the direct and proximate result of the tortious inference occasioned by Defendants Cathy M. Barwick and Sandra Register.  These damages include but are not limited to the loss of Plaintiff's inheritance and special damages in the form of attorney's fees incurred by Plaintiff to set aside the amendments to the Griffin Trust procured by Defendants Cathy M. Barwick and Sandra Register's tortious acts.

WHEREFORE, Plaintiff demands (A) judgment for damages against Defendants Cathy M. Barwick and Sandra Register, (B) taxation of Plaintiff's attorney's fees as allowed by law, and (C) such other relief as is just and appropriate.

## DEMAND FOR JURY

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

BEGGS & LANE, RLLP

/s/ John H. Adams
JOHN H. ADAMS
Florida Bar No. 13208
CHARLES WIGGINS
Florida Bar No. 48021
CECILY M. PARKER
Florida Bar No. 98170
BEGGS & LANE, RLLP
501 Commendencia St.
Pensacola, FL 32502
(850) 432-2451
jha@beggslane.com
ctw@beggslane.com
cmp@beggslane.com
*Attorneys for Cynthia Day a/k/a Cynthia C Simpson*

/s/ Twyla L. Sketchley
Twyla L. Sketchley
Florida Bar No. 478822
The Sketchley Law Firm, P.A.
3689 Coolidge Ct, Unit 8
Tallahassee, FL 32311-7912
service@sketchleylaw.com
*Attorneys for Cynthia Day a/k/a Cynthia C. Simpson*

14

## THE GRIFFIN REVOCABLE LIVING TRUST 2002

This Agreement is made this 18th day of June, 2002, between EDWARD D. GRIFFIN and BETTIE G. GRIFFIN (hereinafter referred to as "Grantors"), and EDWARD D. GRIFFIN and BETTIE G. GRIFFIN of Jackson County Florida (hereinafter referred to as "Trustees").

KNOW ALL MEN BY THESE PRESENTS that we, EDWARD D. GRIFFIN and BETTIE G. GRIFFIN of Jackson County, Florida, referred to as "Grantors", do declare that we have and do hereby set over to the Trustee, the property described in Schedule A, in trust, to be held, to the extent our interests appear, as tenants in common, under the terms of this instrument ("Trust"). The term "Trustee" shall refer to whomever shall from time-to-time be acting as trustee. The term child or children shall refer to the children of EDWARD D. GRIFFIN and BETTIE G. GRIFFIN.

### ITEM I
### Statement of Purpose

A.   Grantors have established this Trust in order to provide a means for the management of certain of Grantors' properties, and for the management of such property interests as may be deposited with the Trustee, and for the maintenance, comfort, and support of the beneficiaries of the Trust.

B.   Additional property, including annuities, may be deposited with the Trustee if accepted by Trustee. Grantors, by will, may direct that a part or all of their estates and property be delivered to the Trustee for administration under this Trust.

EXHIBIT "A"

All property, real and personal, tangible and intangible, deposited with the Trustee and, income derived shall be the "Trust Property."

C.   Additional property and passing of property under the terms of Grantors' wills shall be effective regardless of the jurisdiction in which Grantors may be then domiciled.

## ITEM II
### Receipt and Covenants of Trustee

A.   Trustee acknowledges receipt of the Trust Property.

B.   The Trustee will manage, invest, and reinvest the Trust Property and will hold any annuities or policies of life insurance deposited with the Trustee, and receive, manage, invest, and reinvest such additional property or proceeds of the trust property as may be deposited with the Trustee and accepted by the Trustee, upon the uses and for the purposes set forth in this Trust.

C.   For convenience, if more than one Trust is operating under this agreement, the Trustee may hold the several trusts as a common fund.

## ITEM III
### Lifetime Reservations by Grantor

A.   During Grantors' lives, and except during any period of adjudicated incompetency, Grantors shall have the right, to be exercised from time-to-time by a writing signed and acknowledged by Grantors, to be effective when delivered to the Trustee, or if there is none, to any Beneficiary of this Trust if for any reason there shall be no Trustee:

2

      1.   To revoke this Trust entirely and to receive from the Trustee all of the Trust Property remaining after making payment or provision for payment of all expenses connected with the administration of this Trust.

      2.   From time-to-time to amend this Trust.

      3.   From time-to-time to change the Trustee or Trustees.

B.   With respect to all annuities or policies of life insurance at any time deposited with the Trustee by Grantors and made subject to the terms of this Trust, Grantors reserve the right and authority to be exercised by Grantors' own act alone in the manner and during Grantors' life:

      1.   To sell or assign the annuities or policies.

      2.   To exercise any option or privilege granted by the annuities or policies, including but not limited to the right to change the beneficiaries of the annuities or policies.

      3.   To borrow any sum and to pledge the annuities or policies as security for those loans.

      4.   To receive all payments, dividends, surrender values, benefits, or privileges of any kind that may accrue on account of the annuities or policies.

      5.   To inspect freely and to withdraw from trust any or all of the annuities or policies.

C.   Until Grantors shall direct otherwise, all of the income of the Trust shall be distributed at least quarter-annually to Grantors.

D.   Neither a conservator or a guardian of Grantors may exercise any of the rights reserved to Grantors.

<u>ITEM IV</u>
<u>Disposition of the Trust Property After Grantors' Deaths</u>

A.   After the death of the first Grantor to die, the Trustee shall divide the assets of the Trust equally, apportioning that share represented by the surviving Grantor's rights as tenant in common.  The surviving spouse's share of assets shall continue to be administered under the terms of this Trust.

B.   A deceased Grantor's share, including all property passing to the Trust by this Will, shall be administered under this Trust as follows:  The Trustee shall, pay to the Grantor's personal <u>representative</u> or <u>creditor,</u> such sums as are required to pay the Grantor's debts, expenses of last illness, funeral expenses, costs of administration and claims allowed in the administration of the Grantor's estate and all inheritance, transfer, estate and similar taxes (including interest and penalties) assessed or payable by reason of the Grantor's death.  No reimbursement will be required from the Grantor's personal representative, beneficiaries of insurance policies or annuities or from any other person.  All such <u>payments shall be made out of the non-marital family trust</u> unless all non-marital trust assets are exhausted.

4

C.   After the Grantor's death the Trustee shall hold and dispose of the trust property as follows:

1.   If a Spouse survives, in order to obtain the portion of the marital deduction allowed in the Grantor's estate by the federal tax law that will eliminate all federal estate taxes payable as a result of the death of the first Grantor to die, the Trustee shall divide the trust property (including any property given or transferred to the Trustee by the Grantors Will and any proceeds of insurance on the Grantor's lives received by the trustee) into two separate trusts to be known as the "Marital Trust" and the "Family Trust."

a.   The Marital Trust, which shall not be reduced by taxes payable by reason of the Grantor's deaths, shall be that fractional proportion of the entire trust property determined as follows:

(1)   The numerator of such fractional portion of the Trust estate shall be the smallest amount which, if allowed as a marital deduction, would result in the least possible federal estate tax being payable as a result of the Grantor's death, after allowing for the unified credit against federal estate tax and all available credits and deductions claimed.

(2)   The numerator shall be reduced by the value of any other property which passes to the Grantor's Spouse which qualifies for the marital deduction other than the trust property.

5

(3)   The denominator of this fraction shall be the value of the entire trust property.   Values assigned to property for purposes of this computation shall be those values finally determined for federal estate tax purposes.

b.   The remainder of the Trust property shall be administered as the Family Trust by the Trustee.

2.   The Trustee shall have the power to distribute assets in cash or in kind to the respective trusts and to select specific property to be distributed to the respective trusts without regard to the income tax basis of such property.   In making these allocations, the Trustee shall use the value of the assets as of the date of distribution, so that each distribution shares proportionately in the appreciation or depreciation of assets between the date of the Grantor's deaths and the date or dates of distribution.   However, no allocation of assets shall be made to the Marital Trust which do not qualify for the marital deduction. The Trustee shall have the power to select specific property to be distributed to the trusts without regard to the income tax basis of such property.   Unproductive property shall not be held as an asset of the Marital Trust for more than a reasonable time during the life the Grantor's Spouse without the Spouse's consent.   To the extent that other assets which qualify for the marital deduction are available there shall be no allocation to the Marital Trust of the following:   (a) any payments under an employee's trust or

6

retirement annuity contract of the type described in Section 2039(c) of the Internal Revenue Code or subsequent provisions of similar import; or (b) United States Treasury bonds that are eligible for redemption at par value in payment of the Federal estate tax.

D.   If the Grantor is not survived by a Spouse, or by any children as earlier defined, nor by any children of Grantor's spouse, nor by any of the descendants of either of the Grantor's or Grantor's spouse's children, the Trustee shall transfer the trust assets to the last survivor's estate.

E.   If the Grantors die simultaneously, or under circumstances which render it difficult to determine which died first, then EDWARD D. GRIFFIN shall be deemed to have survived for all purposes of this Article.

<u>ITEM V</u>
<u>Management of Trusts after the First to Die</u>

A.   1.   The Trustee shall pay the net income from the property of the Marital Trust to the Grantor's Spouse in convenient installments at least as often as quarter-annually during the Spouse's life.

2.   The Trustee shall distribute to the Grantor's Spouse such portions <u>or all</u> of the principal of the <u>Marital Trust</u> as the Grantor's Spouse, from time-to-time, requests in writing.

3.   Upon the death of the Grantor's Spouse, the Trustee shall distribute all of the property in the <u>Marital Trust</u>, on such

7

terms as the Grantor's Spouse may appoint by will specifically referring to this power of appointment. To the extent that the property held by the Trustee has not been distributed under the provisions of the power of appointment created in this paragraph, it shall, upon the death of the Grantor's Spouse, be added to the Family Trust and administered in accordance with the provisions of the Family Trust.

B.   1.   The Trustee shall pay the net income from the property of the Family Trust to the Grantor's Spouse in convenient installments at least as often as quarter-annually during the Spouse's life.

2.   Whenever the Trustee determines that the income and property available to the Grantor's Spouse from all sources known to the Trustee, is not sufficient for the Spouse's reasonable support, maintenance and health, the Trustee shall pay to or use for the benefit of the Grantor's Spouse so much of the principal of the Family Trust as the Trustee determines to be necessary for those purposes. However, invasions of principal of the Family Trust for the Grantor's Spouse shall be made only after all of the property conveniently available for invasion in the Marital Trust has been exhausted.

C.   After the death of both Grantors this trust shall terminate, and the remaining principal and accumulated income of the trust shall be distributed to CYNTHIA C. SIMPSON per stirpes,

8

except that funds derived from any American Express Annuity or Fund
(IDS) shall be distributed to DANIELLE DAY and the proceeds of any
Scudders Fund shall be STEPHANY TAYLOR, per stirpes.

      3.   If any beneficiary of this trust shall be under the
age of 30 at the vesting of any interest hereunder, then all
property passing under this trust to any such person shall be held
in trust for him or her under the following terms and conditions.

      a.   So long as such person is under the age of 30,
the Trustees shall pay to or for his or her benefit from the income
or principal of their portion of the trust, such sum or sums as the
Trustees shall deem necessary or proper to provide support,
education and maintenance, taking into account all other income and
resources that are available for those purposes and known to the
Trustees without borrowing or making sales of property, adding any
unused income to the principal at the end of each year.

      b.   When such person has attained the age of 30,
all the accumulated income and the principal of the portion of the
trust vested shall be distributed.

    D.   Any subsequent beneficiary shall have the power by
instrument in writing signed and delivered to the Trustee, or by
Last Will and Testament, making express reference to this power, to
direct that any part or all of the Trust be distributed as such
descendent shall so direct, otherwise to his heirs.

ITEM VI
Provision Relating to Trusteeship

A.   No disposition, charge, or encumbrance of either the income or principal of the Trust Property, or any part thereof, by way of anticipation, shall be of any validity or legal effect, or be in any wise regarded by the Trustee, and no such item of principal, or any part thereof, shall be in any wise liable for any claim of any creditor of such beneficiary.

B.  Any Trustee serving under this Trust may resign as Trustee by delivering to the then living Beneficiaries a written resignation signed by the resigning Trustee, to be effective sixty (60) days following delivery.

C.  Each successor Trustee shall accept the office in writing and shall be vested with the powers and duties of the trusteeship immediately upon delivery of the written acceptance to one or more of the Beneficiaries of the Trust, without the necessity of any other act, conveyance, or transfer.

D.   Grantors waive compliance with any law requiring qualification of the Trustee or registration of the Trust, or administration or accounting by the Trustee under the supervision of any court.   Instead, the Trustee shall furnish, not less frequently than annually, an accounting to each Beneficiary who is entitled to receive current distributions of income, whether or not distributed, and whether or not the distribution is discretionary. The accounting shall be only for the property in which the person

10

receiving the accounting is interested.  Any person entitled to receive an accounting, or person legally entitled to act for him or her, shall state in writing his or her objections to the accounting and deliver the objection to the Trustee within thirty (30) days after receipt of a copy of the accounting.  Failure to object in this manner shall constitute a waiver of objections.

E.  No purchaser or other person dealing with any Trustee purporting to act under any power or authority granted in or given under this Trust or any part of it need be concerned to inquire into the existence of facts upon which the purported power of authority exists.

F.  The Trustee shall not be liable for damage and loss caused by honest errors of judgment made by Trustee or Trustee's agents or employees, or by a good faith exercise of the discretion given to Trustee.

G.  No bond or surety shall be required of any Trustee serving under this Trust.

H.  All Trustees shall receive reasonable compensation for the Trustee's services, which in the case of a corporate Trustee shall be in accordance with any such corporate Trustee's printed fee schedules in effect from time-to-time.

I.  In addition to the foregoing fees, compensation may be paid to any Authorized Party, and to any special Trustee, a Corporate Trustee shall also be entitled to receive and retain from

11

any money market fund or similar entity, payments as authorized under Rule 12b-1 of the Investment Company Act, in connection with the distribution of such funds or securities.

## ITEM VII
### Appointment of Trustee

A.   Grantors hereby appoint EDWARD D. GRIFFIN and BETTIE G. GRIFFIN to serve as Co-Trustees hereunder.  In the event of EDWARD D. GRIFFIN and/or BETTIE G. GRIFFIN'S death, or refusal, or inability to act pursuant to the terms hereof, we hereby appoint either/or the survivor of EDWARD D. GRIFFIN or BETTIE G. GRIFFIN to serve as successor sole Trustee hereunder.  In the event neither Trustee is incapable or unwilling to act in such capacity, Grantors appoint CYNTHIA C. SIMPSON, as successor Trustee.  In the event CYNTHIA C. SIMPSON, is unable or willing to act in such capacity, Grantors appoint TED SIMPSON as successor Trustee.

In the event no person designated serves as Trustee or ceases to serve, the beneficiaries, by majority in interest, may designate a single Trustee provided the Trustee must be a descendent of one of the original Grantors or a commercial Trustee.

## ITEM VIII
### Trustee's Powers

The Trustee and Trustee's successors and parties serving in their stead, shall be governed by the provisions of the applicable Florida laws that are not in conflict with this Trust, and shall have all additional powers and protection granted by statute to

12

trustees at the time of application that are not in conflict with this Trust.  In addition and not in limitation of any common law or statutory authority, and without application to any court, Trustee and Trustee's successors and parties serving in their stead also shall have the powers and responsibilities described below, to be exercised in their absolute discretion until distribution of all of the Trust Property, and shall observe the instructions hereinafter given.   If beneficial, the Trustee upon notice to the then beneficiary's, may change the situs of the Trust.

A.   The Trustee shall have the power to employ counsel or other agents to determine the reasonable sums that shall be paid for their services and to make a payment of those sums.   The Trustee is authorized to appoint a person or a qualified corporation at any time to act as special Trustee for the administration of all or any portion of the Trust Property with respect to which the primary Trustee shall make the determination, in Trustee's discretion, that Trustee is not eligible to act or cannot administer in a practicable manner.  The appointment of any such special Trustee shall be evidenced by an instrument in writing, signed by the primary Trustee witnessed and acknowledged. The primary Trustee may at any time revoke such appointment, such revocation being made in the same manner as the appointment of the special Trustee.

B.   With regard to both real and personal property, for the purpose of obtaining funds for payment of taxes and claims and for making distributions, conversion into cash, management of the property, and for every other proper purpose, the Trustee may acquire, retain, invest, reinvest, exchange, lease, sell, borrow, mortgage, pledge, transfer, and convey in such manner and on such terms without limit as Trustee deems advisable, even for terms beyond the expected terms of the Trust, and no purchaser or lender shall be liable to see to the propriety of the transaction nor to the application of the proceeds.

C.   The Trustee shall have the power at their sole discretion to purchase assets at the fair market value, including nonproductive assets, from Grantor's estate, the price of such purchases to be not more than the fair market value determined by the Trustee.

D.   The Trustee may make loans to the estate of Grantor.

<u>ITEM IX</u>
<u>Directions to Trustee</u>

A.   Distribution of income from the Trust created under this Trust, except discretionary distributions (if any), shall be made not less frequently than quarter-annually.

B.   The Trustee shall charge against income a reasonable allowance for depreciation on property.

14

C.   The Trustee shall charge all of the Trustee's regular compensation against income.

D.   With regard to all annuities and policies of insurance that are payable to any Trustee named in this Trust, the Trustee may:

1.   Execute and deliver receipts and other instruments and take such other action as may be appropriate to obtain possession and control of the annuities or policies.

2.   Execute and file proofs of claim required to collect the proceeds of annuities or insurance policies, and the receipt of the Trustee shall constitute full acquittance to such companies for all proceeds so paid.

### ITEM X
### Trustee's Certificate

A certificate signed by the Trustee and acknowledged before a notary public shall be conclusive evidence to all persons and for all purposes of the facts stated in the certificate respecting the terms of this Trust and the identity of the Trustee who from time-to-time is serving under it.

### ITEM XI
### Florida Law

This Trust has been prepared and executed in the State of Florida. All questions concerning the meaning and intention of the terms of this Trust and concerning its validity and all questions

15

relating to performance under it shall be judged and resolved in accordance with the laws of Florida.

IN WITNESS WHEREOF, EDWARD D. GRIFFIN and BETTIE G. GRIFFIN have signed this Trust as Grantors to evidence their creation of this Trust.

DATED this 18th day of June, 2002.

_____
EDWARD D. GRIFFIN, GRANTOR

_____
BETTIE G. GRIFFIN, GRANTOR

Signed, sealed, published and declared by EDWARD D. GRIFFIN and BETTIE G. GRIFFIN as and for their Trust in our presence and we, at their request and in their presence, and in the presence of each other, have hereunto subscribed our names as witnesses the day and year above set out.

_____ residing in Panama City, Florida.

_____ residing in Panama City, Florida.

STATE OF FLORIDA,
COUNTY OF JACKSON.

We, EDWARD D. GRIFFIN and BETTIE G. GRIFFIN, _____ and _____, the Grantors and the witnesses, respectively, whose names are signed to the attached or foregoing instrument, being sworn, hereby declare

16

to the undersigned officer that the Grantors, in the presence of the witnesses, signed the instrument as their Trust, and that each of the witnesses, in the presence of the Grantors and in the presence of each other, signed the Trust as a witness.

_Edward D. Griffin_
EDWARD D. GRIFFIN

_Bettie G. Griffin_
BETTIE G. GRIFFIN

_(signature)_
Witness

_Becky S. Muldowna_
Witness

SWORN TO and subscribed before me by the Grantors, EDWARD D. GRIFFIN and BETTIE G. GRIFFIN, by _Daniel Harmon_ and _Becky Muldowney_, the witnesses, on the 18th day of _June_, 2002.

_Kimberly S. White_
Signature

Type Name of Notary Public
CC991976
Serial Number (if any) March 16, 2005

(SEAL)  KIMBERLY S. WHITE
MY COMMISSION # CC 991976
EXPIRES: March 16, 2005
Bonded Thru Notary Public Underwriters

_Edward D. Griffin_
EDWARD D. GRIFFIN, Trustee

_Bettie G. Griffin_
BETTIE G. GRIFFIN, Trustee

17

## **EXHIBIT A**

### TO THE GRIFFIN REVOCABLE LIVING TRUST 2002

$100.00 Cash

# Last Will and Testament

OF

EDWARD D. GRIFFIN

20-156PR

I, **EDWARD D. GRIFFIN**, a resident of Jackson County, Florida, do make and publish this my Last Will and Testament, hereby revoking all wills and codicils heretofore made by me.

### Article I

A.   I wish my body buried in a suitable manner and a suitable memorial erected and the cost thereof paid out of my estate.

B.   All transfer, estate, inheritance, succession and other death taxes which shall become payable by reason of my death, shall be paid without apportionment from my residuary estate.

### Article II

I devise certain articles of my tangible personal property as provided in the last dated written statement or list made for this purpose and signed by me.  In the event no

IDENTIFICATION SIGNATURE: *Edward D. Griffin*

1

Inst: 202032007813 Date: 08/04/2020 Time: 9:18AM
Page 1 of 9 B: 1659 P: 462, Clayton O. Rooks III, Clerk of Court
Jackson, County, By: DC
Deputy Clerk

JACKSON COUNTY CLERK OF COURT 08-05-2020  11:20

EXHIBIT "B"

separate writing is found within three months after the date of my death, it shall be conclusively presumed that no such writing exits.  All of my household furniture and furnishings, books, pictures, objects of art, silverware, jewelry, clothing, any automobiles and boats, and other tangible personal property (including any insurance thereon, but excluding money or property used in a trade or business) not disposed of pursuant to any such separate writing, I devise to my wife, BETTIE G. GRIFFIN, provided she survives me.  All reasonable storage, shipping, insurance, and other charges incurred in connection with such property may be paid by my Personal Representative.

### Article III

I devise all of the remainder of my estate to the Trustee of that certain Trust established by agreement dated June 18, 2002 to be added to and become a part of the principal of the Trust to be held, administered and distributed as if originally a part of the property of the Trust.  If for any reason the above-described trust shall not be in existence at my death, or if for any reason a court of competent jurisdiction shall declare such trust to be ineffective for the disposition of assets of my estate, I devise my residuary estate to the Trustee named in the trust instrument creating the Trust, to

IDENTIFICATION SIGNATURE: _Edward D. Griffin_

2

Inst: 202032007813 Date: 08/04/2020 Time: 9:18AM
Page 2 of 9  B: 1659 P: 463, Clayton O. Rooks III, Clerk of Court
Jackson, County, By: DC
Deputy Clerk

JACKSON COUNTY CLERK OF COURT 08-05-2020  11:20

be held, managed and distributed in the manner and for the term described therein giving effect to all valid amendments of said trust instrument, and in any event giving effect to all terms of the trust in effect at my death; and for those purposes I incorporate by reference the trust instrument as it now exists into this my Last Will and Testament.

### Article IV

I hereby appoint as Personal Representative of my estate, my wife, BETTIE G. GRIFFIN and direct that she be allowed to serve as same without the necessity of posting bond.

### Article V

A.  In the management, care and disposition of my estate, I confer upon the Personal Representative of my estate, and its successors in office, the power to do all things and to execute such instruments as may be deemed necessary or proper, including the powers set out in Chapter 733 of the Florida Statutes, as amended to the date of execution of this Will, which powers are incorporated by reference herein. All such powers may be exercised without order of or report to any court.

B.    In addition, I confer upon the Personal Representative of my estate, and its successors in office, the

IDENTIFICATION SIGNATURE: _Edward D. Griffin_

3

Inst: 202032007813 Date: 08/04/2020 Time: 9:18AM
Page 3 of 9  B: 1659  P: 464, Clayton O. Rooks III, Clerk of Court
Jackson, County, By: DC
Deputy Clerk

JACKSON COUNTY CLERK OF COURT 08-05-2020  11:20

following powers to be exercised without authority from any
court: (1) to sell, exchange, or otherwise dispose of any
real or personal property at any time held or acquired under
this Will, at public or private sale, for cash or on terms,
without advertisement, including the right to lease for any
term notwithstanding the period of administration, and to grant
options (including writing covered call options) to buy for any
period, including a period beyond the period of administration;
and (2) to retain and carry on any business in which I may own
an interest at my death.

C. My Personal Representative shall not be required to
file any accounting or other returns or reports to any court
or to give bond in any jurisdiction in which such requirements
may be waived by the terms of this Will.

IN WITNESS WHEREOF, I have set my hand and seal to this,
my Last Will and Testament, this 18ᵗʰ day of June, 2002.

_Edward D. Griffin_
EDWARD D. GRIFFIN, Testator

Signed, sealed and published by EDWARD D. GRIFFIN, the
Testator above named, as and to be his Last Will and Testament,
in our presence and we, at his request and in his presence and
in the presence of each other, have subscribed our names as
witnesses this 18ᵗʰ day of June, 2002.

Inst: 202032007813 Date: 08/04/2020 Time: 9:18AM
Page 4 of 9 B: 1659 P: 465, Clayton O. Rooks III, Clerk of Court
Jackson, County, By: DC
Deputy Clerk

4

_____ residing in Panama City, Florida.

_____ residing in Panama City, Florida.

STATE OF FLORIDA,
COUNTY OF BAY.

We, EDWARD D. GRIFFIN, _Daniel Harmon_    and

_Becky Muldowney_ , the Testator and the witnesses,

respectively, whose names are signed to the attached or

foregoing instrument, being sworn, hereby declare to the

undersigned officer that the Testator, in the presence of the

witnesses, signed the instrument as his Last Will and Testament

and that each of the witnesses in the presence of the Testator

and in the presence of each other signed the Will as a witness.

_Edward D. Griffin_
_____
EDWARD D. GRIFFIN

_____
Witness

_____
Witness

    SWORN TO and subscribed before me by the Testator, EDWARD

D. GRIFFIN, and by _Daniel Harmon_        and

_Becky Muldowney_ , the witnesses, on the _18th_ day

of _June_      , 2002.

KIMBERLY S. WHITE
MY COMMISSION # CC 991976
EXPIRES: March 16, 2005
Bonded Thru Notary Public Underwriters

_Kimberly S. White_
NOTARY PUBLIC
MY COMMISSION EXPIRES: _March 16, 2005_

Inst: 202032007813 Date: 08/04/2020 Time: 9:18AM
Page 5 of 9  B: 1659  P: 466, Clayton O. Rooks III, Clerk of Court
Jackson, County, By: DC
Deputy Clerk

5

Inst: 202032007813 Date: 08/04/2020 Time: 9:18AM
Page 6 of 9  B: 1659  P: 467, Clayton O. Rooks III, Clerk of Coun
Jackson, County, By:  DC
Deputy Clerk

EDWARD D. GRIFFIN
BETTIE G. GRIFFIN
3356 Highway 90
Marianna, Florida 32446

DATED:_____

## INSTRUCTIONS TO BANKS, SAVINGS & LOANS, AND CREDIT UNIONS

_____
_____
_____

RE:  Account Number(s):  _____
     Safe Deposit Box:  _____

**Please transfer the title to all of my accounts into my revocable living trust, including the safe deposit box if the box number is listed above.**

Title should be held as follows:

EDWARD D. GRIFFIN and BETTIE G. GRIFFIN, Trustees of THE GRIFFIN REVOCABLE LIVING TRUST 2002

**TAXPAYER IDENTIFICATION NUMBER:**  Because the trustees of this trust are also the grantors, no new tax identification number is required and the account name should be reported under the social security numbers of the trustees.   [IRC Reg. Sections 1.671-4(b), 1.6012-3(a)(9), 301.6109-1 (a)(2)].

**EFFECT ON ACCOUNT:**  These transfers should not affect interest, dividends, life insurance or any other income on the investments.  If transfers will in any way affect income, dividends or life insurance please contact me prior to making changes.  These transfers should also not affect the language on my checks, if a checking account is involved.

**ONE SIGNATURE REQUIRED:**  PLEASE NOTE THAT the trust authorizes the trustees to sign alone on any account.

**CERTIFICATE OF TRUSTEE AUTHORITY AND POWER:**  Enclosed for your records is an executed Certificate of Trust, which provides information regarding rights and responsibilities of management by trustee(s).  This Certificate is provided in lieu of sending a copy of the entire trust document.

**CAUTION REGARDING TAX-DEFERRED ACCOUNTS:**  Do not transfer ownership of IRA or other tax-deferred accounts into the trust.  Request a copy of the 'INSTRUCTIONS RE:  RETIREMENT PLANS, IRA'S, KEOGHS OR TAX DEFERRED ANNUITIES.'

_Edward D. Griffin_                    _____
EDWARD D. GRIFFIN                      BETTIE G. GRIFFIN

ASSETS TRANSFERRED TO TRUST
CHECKLIST

A.   BANKING

Inst: 202032007813 Date: 08/04/2020 Time: 9:18AM
Page 7 of 9  B: 1659  P: 468, Clayton O. Rooks III, Clerk of Court
Jackson, County, By: DC
Deputy Clerk

_____ ✓ Savings Accounts

_____ ✓ Checking Accounts

_____ Money Market Accounts

_____ CD's

[Include the first statement showing the Trust name in this section.  Update these statements every January.]

B.   STOCKS AND BONDS

_____ Brokerage Accounts

_____ Stock Certificates

_____ Mutual Fund Shares

[Retitle all stock certificates and brokerage accounts to the name of the Trust.  Include the first statement or a copy of the certificate in this section.  Update these statements every January.]

C.   _____ Annuities - make the trust the beneficiary

D.   _____ IRA's - make your spouse (if applicable) the first beneficiary then make the trust the back-up beneficiary

_____ 401 - make your spouse (if applicable) the first beneficiary then make the Trust the back-up beneficiary

_____ TSA/SEP/SIP etc. - make your spouse (if applicable) the first beneficiary then make the Trust the back-up beneficiary

E.   _____ Real Property Deeds transferred to trust (place in Section 15 of your trust book)

F.   _____ US Saving Bonds - either liquidate these bonds or call the U.S. Treasury department and complete the bond transfer form for each bond to reflect the new ownership as the Trust.

G.   _____ Other_____

_____

_____

EDWARD D. GRIFFIN
BETTIE G. GRIFFIN
3356 Highway 90
Marianna, Florida 32446


DATED:_____

## INSTRUCTIONS RE:
## LIFE INSURANCE OR NONTAX-DEFERRED ANNUITIES

_____

_____

Inst: 202032007813 Date: 08/04/2020 Time: 9:18AM
Page 8 of 9 B: 1659 P: 469, Clayton O. Rooks III, Clerk of Court
Jackson, County, By: DC
Deputy Clerk

_____

Re:   Change of Beneficiary
      Policy Number: _____

Please change the primary beneficiary of the policy shown above to
my revocable living trust.

The beneficiary designation should read as follows:


   EDWARD D. GRIFFIN and BETTIE G. GRIFFIN, Trustees of THE
   GRIFFIN REVOCABLE LIVING TRUST 2002


The address of the trust is identical to the personal address noted
above.

**TAX-DEFERRED ACCOUNTS:  Do not transfer ownership of IRA or other
tax-deferred accounts into the trust.**  If the spouse is currently
named as the beneficiary of a qualified plan, please leave the
spouse as primary beneficiary, and name the trustees of the trust
(as described above) as the <u>contingent</u> beneficiary.  DO NOT remove
spouse as primary beneficiary of qualified plans.

Enclosed for your records is an executed Certificate of Trust
Authority and Power, which provides information regarding rights
and responsibilities of management by trustee(s).  This Certificate
is provided in lieu of sending a copy of the entire trust document.

**\*PLEASE NOTE\* THIS IS A CHANGE OF BENEFICIARY AND NOT A CHANGE OF
OWNERSHIP.**


_____          _____
EDWARD D. GRIFFIN                 BETTIE G. GRIFFIN

EDWARD D. GRIFFIN
BETTIE G. GRIFFIN
3356 Highway 90
Marianna, Florida 32446

DATED:_____

## INSTRUCTIONS TO STOCKBROKERS AND FINANCIAL PLANNERS

_____

_____

_____

**Inst: 202032007813 Date: 08/04/2020 Time: 9:18AM**
**Page 9 of 9  B: 1659  P: 470, Clayton O. Rooks III, Clerk of Court**
**Jackson, County, By:  DC**
**Deputy Clerk**

RE:  Account Number(s): _____

I REQUEST THAT TITLE TO ALL MY STOCKS, BONDS, AND ACCOUNTS BE AS
FOLLOWS:

EDWARD D. GRIFFIN and BETTIE G. GRIFFIN, Trustees of THE
GRIFFIN REVOCABLE LIVING TRUST 2002

**TAXPAYER IDENTIFICATION NUMBER**

Because the trustees of this trust are also the grantors, no new
tax identification number is required and the account name should
be reported under the social security numbers of the trustees.
[IRC Reg. Sections 1.671-4(b), 1.6012-3(a)(9), 301.6109-1(a)(2)].

**TAX-DEFERRED ACCOUNTS**

**Do not transfer ownership of IRA or other tax-deferred accounts
into the trust.**  Request a copy of the 'INSTRUCTIONS RE:
RETIREMENT PLANS, IRA'S, KEOGHS OR TAX-DEFERRED ANNUITIES' from me
for the handling of these accounts.

**CERTIFICATE OF TRUSTEE AUTHORITY AND POWER**

Enclosed for your records is an executed Certificate of Trust
authority and Power, which provides information regarding rights
and responsibilities of management by trustee(s).  This Certificate
is provided in lieu of sending a copy of the entire trust document.

_____        _____
EDWARD D. GRIFFIN                       BETTIE G. GRIFFIN

## FIRST AMENDMENT TO THE GRIFFIN REVOCABLE LIVING TRUST 2002
## AGREEMENT DATED JUNE 18TH, 2002

I, EDWARD D. GRIFFIN, of Marianna, Jackson County, Florida and Grantor of the GRIFFIN REVOCABLE LIVING TRUST 2002, dated and executed on June 18th, 2002 (the "Trust Agreement"), publish and declare this to be my First Amendment to the Trust Agreement in the presence of Vanessa Davidson and A. Clay Milton.

1.      ITEM IV of the Trust Agreement, titled "Disposition of the Trust Property After Grantors' Deaths" is hereby revoked in its entirety and the following provisions are substituted in place thereof:

### ITEM IV
### TRUST DISTRIBUTIONS DURING GRANTOR'S LIFE

Without limiting the provisions of Item III of this Trust and as additional grant of authority During Grantor's lifetime, the trust shall be administered and distributed as follows:

**A.     General Provisions.** The Trustee shall receive, hold and manage the Trust assets for Grantor's benefit; shall invest and reinvest such property, other than life insurance policies; shall collect the income, if any, and the proceeds thereof; and shall distribute to the Grantor or to others that Grantor may direct so much of the net income and principal thereof as Grantor, in his sole discretion, shall decide from time to time, provided Grantor is not incapacitated as a result of illness, age, or any other cause as determined by any successor Trustee upon consultation with Grantor's treating physician. If Grantor becomes incapacitated while serving as Trustee, then Grantor shall immediately terminate as Trustee. Thereafter, the successor Trustee designated in accordance with this instrument shall pay to or apply for the benefit of Grantor, so much of the net income and principal of the trust, even to the extent of exhausting principal, as the successor Trustee may consider advisable for Grantor's health, maintenance and support. The successor Trustee shall be exonerated from any liability in connection with the making of such discretionary payments. The successor Trustee shall consult with Grantor insofar as practicable regarding the purchase, sale, exchange or other disposition of investments constituting a part of the trust property. Any net income not so expended may be accumulated and added to principal from time to time.

**B.     Use of Residential Property.** If the trust consists of any residential property or any tangible personal property, then, in addition to the provisions set forth

Page 1 of 5

_E.D._ Initials
First Codicil to the GRIFFIN REVOCABLE LIVING TRUST 2002,
dated and executed on June 18th, 2002

EXHIBIT "C"

above in Item IV.A., Grantor shall retain the right to occupy such residential property and to possess and use any tangible personal property. Grantor retains the right to claim a homestead exemption for property tax purposes on any residential property transferred into trust. Notwithstanding the above, during any period in which Grantor is determined to be incapacitated, the successor Trustee shall have the right during Grantor's lifetime to sell any interest in residential real property or tangible personal property held by the trust and invest the proceeds of sale in any other residential real property or tangible personal property selected by the successor Trustee for Grantor's benefit.

2.     ITEM V of the Trust Agreement, titled "Management of Trusts after the First to Die" is hereby revoked in its entirety and replaced with the following provisions

## ITEM V
### TRUST DISTRIBUTIONS AFTER GRANTOR'S DEATH

**A.     Distributions Upon Death of Edward D. Griffin.** After the death of Edward D. Griffin, the trust shall be administered and distributed as follows:

(a) **Debts and Expenses.** If the successor Trustee determines that other provisions have not been adequately made, then such successor Trustee shall pay out of the residue of the trust estate, without apportionment, any debts of the Grantor as they come due, expenses of Grantor's last illness and funeral, and expenses incurred in administering or distributing that Grantor's probate estate.

(b) **Taxes.** The successor Trustee shall pay out of the residue of the Trust estate, without apportionment, all estate, inheritance, and other death taxes (including interest and penalties) payable by reason of the Grantor's death on property in or passing into any trust created by this agreement at or as a result of the Grantor's death.

(c) **Distribution of Residue.** Subject to Items V. A.(a) and (b) and Item V. B., upon the death of the Grantor, the successor Trustee shall distribute any remaining trust property, not otherwise distributed or held in trust pursuant to Items V. A. (a) or (b) or Item V. B. to Grantor's great-grandson, Logan Riley Taylor. In the event Logan Riley Taylor predeceases the Grantor, then the remaining trust property, not otherwise distributed or held in trust pursuant to Items V. A. (a) or (b) and subject to Item V. B., to the then living descendants of Logan Riley Taylor, per stirpes; or if none, to Grantor's then living descendants, per stirpes; or if none, to the then living heirs at law of Grantor determined at that time as if I died unmarried and intestate under Florida law.

*ED* initials
First Codicil to the GRIFFIN REVOCABLE LIVING TRUST 2002, dated and executed on June 18th, 2002

    **B.**    **Standby Trust.**  If any assets are distributable under this Trust to a person who has not then reached age 30, or who in the judgment of the successor Trustee is under a disability, the successor Trustee will hold that person's share in trust for his or her benefit.  In determining a person's disability, the successor Trustee may rely conclusively upon the opinion of a medical doctor retained by them to make such a determination.  The successor Trustee may apply so much of the income and principal of this separate trust that they consider necessary or desirable for the person's health, education, support, and maintenance.  Any undistributed income is to be added to principal periodically.  Alternatively, the successor Trustee may distribute that person's share directly to that person whether or not he or she has a guardian; to the parent or guardian or spouse of that person; to a custodial account established for that person (by the successor Trustee or someone else) under an applicable Uniform Transfers to Minors Act or Uniform Gifts to Minors Act; or to any adult who resides in the household in which that person resides or who may otherwise be responsible for the care and well-being of that person.  When the person reaches age 30 or when that person's disability, in the judgment of the successor Trustee, ceases to exist, the successor Trustee shall distribute the remaining assets of this separate trust to that person.  If that person dies before complete distribution of this separate trust, the remaining trust assets are to be distributed, subject to this article, to that person's then living descendants, per stirpes; or if none, to Grantor's then living descendants, per stirpes.  This article is to be effective only and is limited in duration to the extent that it does not result in any violation of any applicable rule against perpetuities or similar law.

    3.    ITEM VII of the Trust Agreement, titled "Appointment of Trustee" is hereby revoked in its entirety and replaced with the following provisions:

### ITEM VII
### APPOINTMENT OF TRUSTEE

    A.    Grantor retains the right to serve as Trustee during his lifetime, unless otherwise incapacitated or unable to serve in such capacity.  If Grantor becomes incapacitated or for any other reason Grantor shall fail or cease to act as Trustee(s), Grantor names Cathy M. Barwick, as successor Trustee.  In the event no person designated herein serves as Trustee or ceases to serve, the beneficiary(s), by majority in interest, may designate a single Trustee provided the Trustee must be a descendant of Grantor or a commercial Trustee.

    4.    In every other respect I hereby ratify, confirm and republish all of the provisions of the GRIFFIN REVOCABLE LIVING TRUST 2002, dated and executed on June 18th, 2002 by me.

Page 3 of 5

*E. B.* Initials

First Codicil to the GRIFFIN REVOCABLE LIVING TRUST 2002,
dated and executed on June 18th, 2002

IN WITNESS WHEREOF, I the undersigned Grantor have hereunto subscribed my name and affixed my seal, on this the 29th day of September, 2015 at Marianna, Florida.

_Edward D. Griffin_
Edward D. Griffin, Grantor

The foregoing instrument was signed, sealed, published and declared by Edward D. Griffin, the above-named grantor, in the presence of us the undersigned, who, at his request and in his presence and in the presence of each other, have subscribed our names as witnesses after the grantor signed his name on this the 29th day of September, 2015.

_Vanessa Davidson_
Vanessa Davidson
4450 Lafayette Street, Marianna, FL 32446

_A. Clay Milton_
A. Clay Milton
4450 Lafayette Street, Marianna, FL 32446

Page 4 of 5

_E.D_ Initials
First Codicil to the GRIFFIN REVOCABLE LIVING TRUST 2002, dated and executed on June 18th, 2002

**ATTESTATION CLAUSE**

STATE OF FLORIDA
COUNTY OF JACKSON

We, Edward D. Griffin, Vanessa Davidson and A. Clay Milton, the Grantor and Witnesses, respectively, whose names are signed to the attached or foregoing instrument, having been duly sworn, declared to the undersigned officer that the Grantor, in the presence of the witnesses, signed the instrument as is First Amendment to the Griffin Revocable Living Trust 2002 Agreement dated June 18th, 2002, that he signed voluntarily, and that the witnesses, in the presence of the Grantor, at his request, and in the presence of each other, signed the document as witness and that to the best of the knowledge of each witness, the grantor was, at that time, 18 or more years of age, of sound mind and under no constraint or undue influence.

_Edward D. Griffin_
Edward D. Griffin

_Vanessa Davidson_
Vanessa Davidson

_A. Clay Milton_
A. Clay Milton

Subscribed, and sworn to before me by Edward D. Griffin, the Grantor, and Vanessa Davidson and A. Clay Milton, the witnesses, on this 29th day of September, 2015, all of whom personally appeared before me, and all of whom are personally known to me.



Notary Public, State of Florida
(Stamp Name, Commission # and Expiration below)

KIMBERLY G. RICHARDS
MY COMMISSION # FF 015989
EXPIRES: July 26, 2017
Bonded Thru Notary Public Underwriters

Page 5 of 5

_E.D._ Initials
<u>First</u> Codicil to the GRIFFIN REVOCABLE LIVING TRUST 2002, dated and executed on June 18th, 2002

**SECOND AMENDMENT TO THE GRIFFIN REVOCABLE LIVING TRUST 2002
AGREEMENT DATED JUNE 18TH, 2002**

I, EDWARD D. GRIFFIN, of Marianna, Jackson County, Florida and Grantor of the
GRIFFIN REVOCABLE LIVING TRUST 2002, dated and executed on June 18, 2002 (the "Trust
Agreement"), publish and declare this to by my Second Amendment to the Trust Agreement in the
presence of A. Clay Milton and Paula V. Rogers.

1.   ITEM V A. (c) of the Trust Agreement, titled, **"Distribution of Residue"** is hereby
revoked in its entirety and the following provisions are substituted in place thereof:

(c)   **Distribution of Residue.**   Subject to Items V. A.(a) and (b) and Item V. B,
upon the death of the Grantor, the successor Trustee shall distribute any remaining trust property,
not otherwise distributed or held in trust pursuant to Items V. A. (a) or (b) or Item V. B. as follows

(1)   The real property located at 3356 Highway 90, as described in O.R. Book
875, Page 150, Official Records of Jackson County, Florida, shall be distributed to the Grantor's
niece, SANDRA REGISTER, whose address is 3056 Napier Trail, Marianna, Florida 32446, if she
survives the Grantor.   If SANDRA REGISTER predeceased the Grantor then this gift shall lapse.

(2)   The checking account at Wells Fargo Bank, Account No.
1000011992423, shall be distributed to the Grantor's niece, SANDRA REGISTER, if she survives
Grantor.   If SANDRA REGISTER predeceased the Grantor then this gift shall lapse

(3)   Any remaining trust property, not otherwise distributed or held in trust
pursuant to Items V. A. (a) or (b) or Item V. B. shall be distributed as a percentage of the total
Residue of the Trust to the following individuals:

To:  Sandra Register      -  40%

To:  Patricia L. Kittrell   -  20%

To:  Patricia Pineda      -  20%

EDG

EXHIBIT "D"

To:  June Willis        -  20%

In the event any named beneficiary shall predecease Grantor, then such deceased beneficiaries

interest in the residue of the Trust shall lapse and his or her share of the residue of this Trust shall

be added back to the residue and shall be distributed to the remaining residuary beneficiaries in the

same proportionate interest to the total as set forth hereinabove but excluding the deceased

beneficiaries share from such calculation.   In the event all named beneficiaries predecease the

Grantor, then the residue of this Trust shall be distributed to the heirs at law of the Grantor,

determined at the time of Grantor's death as if Grantor died unmarried and intestate under Florida

law.

2.      ITEM VII of the Trust Agreement, titled, **"APPOINTMENT OF TRUSTEE"** is

hereby revoked in its entirety and the following provisions are substituted in place thereof:

A.      Grantor retains the right to serve as Trustee during his lifetime, unless

otherwise incapacitated or unable to serve in such capacity.   If Grantor becomes incapacitated or

for any other reason Grantor shall fail or cease to act as Trustee(s), Grantor names SANDRA

REGISTER, as successor Trustee.   In the event no person designed herein serves as Trustee or

ceases to serve, the beneficiary(s), by majority in interest, may designate a Trustee provided the

Trustee must be a descendent of Grantor or a commercial Trustee.

3.      In every other respect, I hereby ratify, confirm and republish all of the provisions of

the GRIFFIN REVOCABLE LIVING TRUST 2002, dated and executed by me on June 18, 2002

and the FIRST AMENDMENT TO THE GRIFFIN REVOCABLE LIVING TRUST 2002

AGREEMENT DATED JUNE 18TH, 2002, dated and executed by me on September 29th, 2015.

EP G

Subscribed and sworn to before me by EDWARD D. GRIFFIN, the Grantor, and      A. CLAY MILTON and PAULA V. ROGERS, the witnesses, on this the _23rd_ day of April, 2018, all of whom personally appeared before me.   EDWARD D. GRIFFIN, the Grantor, ( ) is personally known to me or ( X ) has produced Florida Driver's License                  as identification.   A. CLAY MILTON and PAULA V. ROGERS, the witnesses, are personally known to me.



JELAINA H. BARNES
Notary Public - State of Florida
My Comm. Expires Nov 6, 2018
Commission # FF 174939
Bonded through National Notary Assn.

Notary Public, State of Florida

THIS INSTRUMENT PREPARED BY:

A. Clay Milton
Florida Bar No. 013185
FUQUA & MILTON, P.A.
4450 Lafayette Street
Post Office Box 1508
Marianna, Florida 32447
(850) 526-2263
cmilton@fmc.legal